UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JAMES K. FORD,
et al.,

           Plaintiff,

    v.

SOMERSET COUNTY PROSECUTOR'S
OFFICE, et al.,

           Defendants.

Civil No. 12-3057 (JAP)

**MEMORANDUM AND ORDER**

It appearing that:

1. On May 23, 2012, the Clerk of the Court docketed the instant Complaint. The Complaint names nine persons as Plaintiffs in this matter: James K. Ford, Dwight Spiegel, Bashon Simon, Elijah D. Ford, Alex Ortega, Eric Johnson, Mark Skladany, Christopher Richards, and Keith Lewis. Though no representative has been designated, this complaint appears to be an attempt to self-certify a class of allegedly aggrieved detainees housed at the Somerset County Jail who assert claims against the Somerset County Prosecutor's Office and "everyone within the capacity of its office." See Docket Entry No. 1.

2. No filing fee was received on behalf of any plaintiff. James K. Ford provided an Affidavit of Poverty and Account Certification in support of a request to proceed in forma

      pauperis.  See Docket Entry No. 1-1.  No application to proceed in forma pauperis" was submitted on behalf of any of the other eight Plaintiffs.

3.    The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) (the "PLRA"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who attempt to bring a civil action or file an appeal in forma pauperis.
Under the PLRA, a prisoner bringing a civil action in forma pauperis must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee.  28 U.S.C. § 1915(a)(1).  The prisoner also must submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint.  28 U.S.C. § 1915(a)(2).  The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined.  Id.  Further, PLRA prohibits a prisoner from bringing a civil action in forma pauperis pursuant to 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the

prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  A prisoner who has three or more such dismissals may be excused from this rule only if he is "under imminent danger of serious physical injury."  Id.  When deciding whether an inmate meets the "imminent danger" requirement, a court must examine the situation faced by the inmate at the time of filing of the complaint, and a showing of danger in the past is insufficient to demonstrate "imminent danger."  Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001).

4.  To the extent that Plaintiffs are attempting to establish class certification, that application will be denied.  Since no Plaintiffs have paid the filing fee or submitted a properly completed application to proceed in forma pauperis, this Court has no certainty that all named Plaintiffs intend to incur the financial responsibility and legal consequences associated with initiation of this action.  See 28 U.S.C. § 1914(a)(the filing fee for a civil rights complaint is $350.00); 28 U.S.C. § 1915(b)(if the prisoner is granted permission to file the complaint in forma pauperis, then the Court is required to assess the $350.00 filing fee against the prisoner and collect the fee); Hagan v. Rogers, 570 F.3d 146 (3d Cir. 2009)(litigants proceeding as joint plaintiffs are subject to $350.00 assessment each if they proceed in

forma pauperis); Hairston v. Gronolsky, 348 Fed. App'x 716 (3d Cir. 2009)(regardless of the litigant's willingness or unwillingness to be assessed the filing fee, the litigant's "legal obligation to pay the filing fee [is automatically] incurred by the initiation of the action itself"). Moreover, the facts of the Complaint do not indicate that the requirements of Rule 23 would be met, since the Court cannot establish numerosity from the allegations made therein, as the limited factual allegations might not be applicable to all Plaintiffs.  See Fed. R. Civ. P. 23.

5. The Court, however, cannot rule out the possibility that any/all Plaintiff(s) named in the Complaint might wish to prosecute his/their own claims and would be able to file amended complaints detailing the specific facts which each Plaintiff believes to be a violation of his rights.

6. Since class certification will be denied, Plaintiff's two through nine shall have their cases severed from this initial case, leaving only James K. Ford as the remaining Plaintiff in this matter.  New matters will be created for the additional eight Plaintiffs.

7. An examination of court records reveals that Plaintiff James K. Ford has filed three previous civil actions in the District of New Jersey, in which in forma pauperis status had been granted and which have all been dismissed under 28

4

      U.S.C. §§ 1915(e)(2) and 1915A.  See Ford v. Vanhise, et al., Civil No. 11-7200 (JAP); Ford v. Bergen County Prosecutor's Office, Civil No. 12-574 (JAP); Ford v. The State Of New Jersey, Civil No. 12-708 (JAP).

8. Plaintiff Ford has reached the statutory limit as set forth in 28 U.S.C. § 1915(g) and is precluded from seeking in forma pauperis status based on the "three strikes" rule unless he alleges facts to show that he is in "imminent danger of serious physical injury," which would excuse him from the restrictions under § 1915(g).  See Ford v. The State of New Jersey, Civil No. 12-1086 (JAP)(finding that Plaintiff has reached the statutory limit and is precluded by the "three strikes" rule from seeking in forma pauperis status unless he alleges facts to show that he is in "imminent danger of serious physical injury."

      THEREFORE, it is on this 6th day of August, 2012;

      ORDERED that Plaintiffs' application for class certification is DENIED; and it is further

      ORDERED that the Complaint, Docket Entry No. 1, insofar as Plaintiffs wish to file as a class action, is DISMISSED.  Such dismissal is without prejudice to Plaintiffs' filing of individual amended complaints which conform to the Federal Rules of Civil Procedure; and it is further

ORDERED that the Clerk shall terminate all Plaintiffs in this matter, except for James K. Ford; and it is further

ORDERED that the Clerk shall administratively terminate this matter as to remaining Plaintiff James K. Ford, subject to reopening in the event James K. Ford submits, within 45 days from the date of entry of this Order, his signed amended complaint asserting his own challenges, together with his filing fee of $350.00; and it is further

ORDERED that the Clerk shall open eight new matters for the additional Plaintiffs: Dwight Spiegel, Bashon Simon, Elijah D. Ford, Alex Ortega, Eric Johnson, Mark Skladany, Christopher Richards, and Keith Lewis.  See Complaint at 4.  Each new matter shall designate each of these individuals as "Plaintiff" in his respective new matter and "Somerset County Prosecutor's Office" as "Defendants" in each of these new matters; and it is further

ORDERED that the Clerk shall docket the instant Complaint, Docket Entry No. 1, in each such new matter; and it is further

ORDERED that the Clerk shall designate, in each such new matter, "Cause:42:1983 Prisoner Civil Rights" and "Jurisdiction: Federal Question"; and it is further

ORDERED that the Clerk shall administratively terminate each of these newly opened matters, subject to reopening in the event the Plaintiff designated in the matter submits, within 45 days from the date of entry of this Order, his signed amended

complaint stating the Plaintiff's individual claims and designating appropriate defendants with regard to those claims. Each such submission should be made together with the Plaintiff's filing fee of $350.00 or his duly executed in forma pauperis application; and it is further

ORDERED that the Clerk shall serve copies of this Order upon all Plaintiffs by regular U.S. Mail. Each mailing shall include a blank civil complaint form and a blank in forma pauperis application form for litigants seeking to file a civil complaint for use by a prisoner; and it is further

ORDERED that each of the Clerk's mailings to Plaintiffs (excluding Ford) shall also include a copy of the docket sheet of the new matter opened for that particular Plaintiff; and it is finally

ORDERED that no statement made in this Order shall be construed as expressing this Court's opinion about the procedural or substantive validity (or invalidity) of the claims that might be alleged by any Plaintiff referred to in this Order.

      /s/ Joel A. Pisano
     Joel A. Pisano
     United States District Judge